**Latrice DIXON, Plaintiff—Appellant,**

v.

**CITY OF LONG BEACH, et al., Defendants—Appellees.**

**No. 05–56506.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2007.*

Filed July 3, 2007.

Fed. R.App. P. 34(a)(2).

Robert Mann, Esq., Cynthia Anderson–Barker, Los Angeles, CA, for Plaintiff–Appellant.

Monte H. Machit, Esq., Long Beach City Attorney's Office, Long Beach, CA, for Defendants–Appellees.

Before: HALL and CALLAHAN, Circuit Judges, and ROBART **, District Judge.

## MEMORANDUM ***

Latrice Dixon appeals the district court's denial of her motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). Because the parties are familiar with the facts and proceedings below, we do not recite them here. We affirm.

Though the district court deferred ruling on qualified immunity, *see Saucier v.*

*Katz,* 533 U.S. 194, 200–201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001),[1] we nonetheless find that substantial evidence supports the jury's verdict in favor of the defendant officers. The officers considered Dixon's statements and actions in light of the environment where they approached her, and we consider these factors cumulatively, not in isolation. *See United States v. Arvizu,* 534 U.S. 266, 274, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). Dixon was alone on the beach, at night, and was clearly aggravated with the officers, who were concerned that a woman of her size could cause them harm. Prior to the officers' search, Dixon had put her hands in her jacket pockets. Avoiding the "divide-and-conquer" mode of analysis suggested by Dixon, we find that the record does not compel a conclusion contrary to the jury's verdict. *See Pavao v. Pagay,* 307 F.3d 915, 918 (9th Cir.2002).

We also refuse to grant Dixon a new trial on the basis that the district court declined to give her proposed jury instructions. Her jury instruction relating to September 11 was overbroad, and her instruction regarding refusal to consent to search misstated the law. *See United States v. Fuentes,* 105 F.3d 487, 490 (9th Cir.1997) (holding that such refusal may be relevant in certain circumstances). The district court therefore did not err in declining to give the proposed instructions. *See Jones v. Williams,* 297 F.3d 930, 934–39 (9th Cir.2002).

Finally, the City of Long Beach did not violate Dixon's procedural due process

** The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Qualified immunity should be resolved at the earliest stage of litigation to avoid the

expenses and delays of unnecessary trials. *Saucier v. Katz,* 533 U.S. 194, 200–201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). We do not reach the question of qualified immunity here because we affirm the verdict on the merits.

rights by enforcing its provision against climbing on lifeguard stations when there were no signs posted stating the rule. Long Beach Municipal Code § 16.12.200. To satisfy due process, the City must do "nothing more than enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply." *United States v. Hancock,* 231 F.3d 557, 565 (9th Cir.2000) (quoting *Texaco, Inc. v. Short,* 454 U.S. 516, 532, 102 S.Ct. 781, 70 L.Ed.2d 738 (1982)). Dixon's ignorance of the law does not give rise to a constitutional violation.

**AFFIRMED.**

